**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

|  |  |
|---|---|
| ENRIQUE ARRIAGA-TELLO; REINA ARRIAGA; et al., | No. 08-74031 |
| Petitioners, | Agency Nos. A096-050-035 |
| v. | A096-050-037 |
|  | A096-050-038 |
| ERIC H. HOLDER, Jr., Attorney General, | A096-050-036 |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted December 14, 2010[**]

Before:     GOODWIN, WALLACE, and THOMAS, Circuit Judges.

Enrique Arriaga-Tello, Reina Arriaga and family, natives and citizens of

Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying Arriaga's

application for cancellation of removal, and the BIA's order sustaining the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

government's appeal of an immigration judge's decision granting Arriaga-Tello's application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence determination, *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 618 (9th Cir. 2006), and review de novo questions of law, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Arriaga did not meet the continuous physical presence requirement where she testified that she entered the United States in December of 1992, was not in the United States prior to that time, and her Notice to Appear was served in October of 2002. *See* 8 U.S.C. § 1229b(b)(1)(A).

We lack jurisdiction to review the BIA's discretionary determination that Arriaga-Tello failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

Arriaga-Tello's contention that the BIA violated his due process rights by reversing the IJ's decision does not amount to a colorable constitutional claim. *See Martinez-Rosas*, 424 F.3d at 930 ("traditional abuse of discretion challenges recast

as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

Contrary to Arriaga-Tello's contention, the BIA's interpretation of the hardship standard falls within the broad range authorized by the statute. *See* 8 U.S.C. § 1229b(b)(1)(D); *Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1004-06 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**